**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

STEPHANIE N. SMITH,

             Plaintiff(s),

       v.

JOHN BERNHARDT, EAGLE EXPRESS
LINES, INC., JOHN and JANE DOES 1-10
(fictitious unidentified individuals) and ABC
CORPORATIONS 1-30, (fictitious individuals,
corporations or unidentifiable).

             Defendants.

_____

CIVIL ACTION NO.:

**NOTICE OF REMOVAL**

**TO:**    **United States District Court**
         **District of New Jersey**

ON NOTICE TO:    Sean T. Payne, Esq.
                Ginarte, Gallardo, Gonzalez & Winograd, LLP
                400 Market St.
                Newark, NJ 07105

                Clerk – Law Division
                Superior Court of New Jersey - Union County
                2 Broad Street
                Elizabeth, NJ 07207

       Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants John Bernhardt and Eagle Express

Lines, Inc. ("Defendants), by and through their attorneys, Tompkins McGuire Wachenfeld &

Barry, LLP, submit this Notice of Removal from the Superior Court of New Jersey, Law

Division, Union County, in which the above-captioned matter is now pending, to the United

States District Court for the District of New Jersey. In support of said Notice of Removal,

Defendants state as follows:

## I.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

1.   Plaintiff Stephanie M. Smith ("Plaintiff") commenced this action on June 22, 2022 by filing a Complaint in the Superior Court of New Jersey, Law Division, Union County, bearing Docket No.: UNN-L-1817-22. (A copy of Plaintiff's Complaint is annexed as Exhibit "A".)   In the Complaint, Plaintiff named John Bernhardt and Eagle Express Lines, Inc. as defendants. *Id.*

2.   In this action, Plaintiff alleges that she was injured on June 26, 2020, during the course of her employment as a forklift driver through the United Postal Service located at 1200 Harrison Ave., Kearny, County of Hudson, State of New Jersey.  *Id.*

3.   Specifically, in her Complaint, Plaintiff alleges that defendant John Bernhardt was the permissive operator of a tractor trailer owned by defendant Eagle Express Lines, Inc., and that he operated, supervised, maintained, choked and or failed to brake the tractor trailer in a careless or negligent manner, causing the vehicle to and/or tractor to move and Plaintiff to fall to the ground, sustaining injury.  *Id.*

4.   Plaintiff also alleges that defendant Eagle Express Lines, Inc. is deemed vicariously liable for the negligent acts of its employee.  *Id.*

5.   This Notice of Removal is timely under 28 U.S.C. § 1446(b). As of this date, upon information and belief, the Defendants have yet to be properly served. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 354 (1994) (the thirty-day period to remove an action to federal court begins to run on the date of service of the Summons).

6.   The United States District Court for the District of New Jersey embraces the locality in which the State Court Action is now pending and, thus, this Court is a proper forum for this action pursuant to 28 U.S.C. § 1441(a).

7.      No previous application for removal has been made.

8.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court of New Jersey – Law Division, Union County.

## II.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 and 1441.

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000 exclusive of costs and interest.

### A.  Complete Diversity of Citizenship Exists.

10.     Plaintiff is a resident of New Jersey.  *See* Exhibit A.   *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) (for purposes of diversity jurisdiction, "[c]itizenship is synonymous with domicile …").

11.     No defendant is a citizen of New Jersey.

12.     Defendant Eagle Express Lines, Inc. is a Delaware Corporation with its principle place of business located at 925 West 175th St., Homewood, Ill.

13.     Defendant John Bernhardt is a resident of the State of New York who resides at 28 Van Buren St., Rocky Point, NY.

### B.  The Amount in Controversy Is Satisfied.

14.     Defendants respectfully submit that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

15.     This is a personal injury action involving a forklift/tractor trailer accident, wherein Plaintiff claims as follows:   "As a result of the negligence carelessness and recklessness of the defendants, the plaintiff suffered severe and permanent

bodily injuries, suffered and in the future will suffer great pain and distress, was and will be required to curtail his usual activities and pursuits, and has or will incur lost wages and medical expenses." *See* Exhibit A.

16.    New Jersey state court practice does not permit plaintiffs to plead for damages in a specific amount.  *See* 28 U.S.C. § 1446(c)(2)(A)(ii).  *See also* N.J.R.Civ.P. 4:5-2.

17.    However, "courts have held that allegations of severe injuries along with pain and suffering will alert [the] defendant that an amount in excess of [the jurisdictional amount] is at issue." *Carroll v. United Air Lines, Inc.*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998).

18.    Accordingly, Defendants submit that the Court should find pursuant to 28 U.S.C. § 1446(c)(2)(B) that the amount in controversy exceeds $75,000 for purposes of this application.

**C. The Unanimity Rule is Satisfied.**

19.    Removal generally requires unanimity among the defendants that have been *served* with the Complaint.  *Balazik v. Cty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995).  Nonetheless, there is agreement between the Defendants that removal is proper and Defendants are represented by the same counsel.

20.    Fictitious parties are disregarded for removal purposes.

**D. This Case Should be Assigned to the Newark Vicinage.**

21.    Finally, Defendants submits that this matter should be assigned to this Court's Newark vicinage, since the State Court Action was filed in Union County and Plaintiff is a Hudson County resident. *See* **Exhibit A**; *See* L.Civ.R. 40.1(a)

(allocation based on the residence of defendant, convenience of litigants, counsel and witnesses, and the place where the cause of action arose).

**WHEREFORE**, Defendants respectfully remove this action from the Superior Court of New Jersey to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

Respectfully submitted,

*/s/ Kimberly D. McDougal*
Kimberly D. McDougal
**TOMPKINS, McGUIRE,**
**WACHENELD & BARRY, LLP**
3 Becker Farm Road, Suite 402
Roseland, New Jersey 07068
(973) 622-3000
kmcdougal@tompkinsmcguire.com

*Attorneys for Defendants*

## LOCAL RULE 11.2 CERTIFICATION

PURSUANT to Local Rule 11.2, the undersigned hereby certifies that there are no other related actions pending to the best of my knowledge, information and belief.

*/s/ Kimberly D. McDougal*
Kimberly D. McDougal
**TOMPKINS, McGUIRE,**
**WACHENELD & BARRY, LLP**
3 Becker Farm Road, Suite 402
Roseland, New Jersey 07068
(973) 622-3000
kmcdougal@tompkinsmcguire.com

*Attorneys for Defendants*

**CERTIFICATION OF SERVICE**

I hereby certify that on this date, a Notice of Removal and filed with the Court and served

on the following via the New Jersey State Judiciary electronic filing system:

> Sean T. Payne, Esq.
> Ginarte, Gallardo, Gonzalez & Winograd, LLP
> 400 Market St.
> Newark, NJ 07105
>
> Clerk – Law Division
> Superior Court of New Jersey - Union County
> 2 Broad Street
> Elizabeth, NJ 07207
>
> */s/ Kimberly D. McDougal*

DATED:          September 1, 2022