SEAN T. PAYNE, ESQ. 275652019
GINARTE, GALLARDO,
GONZALEZ & WINOGRAD, L.L.P.
400 MARKET STREET
NEWARK, NEW JERSEY 07105
(973) 854-8400
Our File No.: 263309
Attorneys for Plaintiff, Stephanie N. Smith

| | |
|---|---|
| STEPHANIE N. SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN BERNHARDT, EAGLE EXPRESS LINES, INC., JOHN and JANE DOES 1-10 (fictitious unidentified individuals) and ABC CORPORATIONS 1-30, (fictitious individuals, corporations or other business entities presently unidentifiable)<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION : UNION COUNTY<br>DOCKET NO.: UNN-L-<br><br>CIVIL ACTION<br><br>**COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL AND DISCOVERY REQUESTS** |

Plaintiff, Stephanie N. Smith, residing at 16 West Price Street, in the City of Linden, County of Union, State of New Jersey, says by way of Complaint against the above captioned defendants:

**FIRST COUNT**

1. On or about June 26, 2020, plaintiff, Stephanie N. Smith was a forklift driver while in the course of his employment through the United States Postal Service located at 1200 Harrison Ave., in the City of Kearny, County of Hudson and State of New Jersey.

2. At the same time and place, defendant John Bernhardt was the permissive operator of a tractor trailer owned by defendant, Eagle Express Lines, Inc., and who was responsible for properly securing and stopping said vehicle while the trailer was being unloaded at the United States Postal Service facility located at 1200 Harrison Ave., in the City of Kearny, County of Hudson and State of

1

New Jersey.

3. Defendant Eagle Express Lines, Inc., is a Delaware Corporation with its principal place of business located at 925 West 175th Street, Homewood, Il.

4. Defendant John Bernhardt is a resident of the state of New York who resided at 17 Van Buren Street, Rocky Point, NY at the time of the accident.

5. Defendant John Bernhardt was the agent, servant, principal or employee of defendant Eagle Express Lines, Inc.

6. Defendant John Bernhardt operated the motor vehicle in the course of his employment for defendant Eagle Express Lines, Inc.

7. Defendant Eagle Express Lines, Inc. is deemed to be vicariously liable for the negligent acts of defendant John Bernhardt, committed while John Bernhardt operated the motor vehicle within his scope of employment.

8. Defendant John Bernhardt was the agent, servant, principal or employee of ABC Corp's 10-30 who are heretofore unknown motor carriers, trailer owners, agents, operators, interstate carriers and/or insurers named herein to toll the applicable statute of limitations.

9. Defendant John Bernhardt operated, supervised, maintained, choked, and/or failed to brake, the motor vehicle in a careless and negligent manner, causing his vehicle and/or trailer to move and Plaintiff to fall to the ground and sustain severe and permanent injuries while she was in the course of unloading the trailer.

10. As a result of the negligence, carelessness and recklessness of the defendants, the plaintiff sustained severe and permanent bodily injuries, incurred medical expenses, and suffered a loss of income.

11. This action is not barred by N.J. Stat. 39:6A-1, et seq.

2

WHEREFORE, the plaintiff demands judgment against defendants John Bernhardt, Eagle Express Lines, Inc., and all other heretofore unknown defendants, jointly, severally or alternatively for damages, interest, attorney's fees, costs of this action and such further relief as the court deems equitable

## SECOND COUNT

1. Plaintiff repeats and realleges the allegations of the prior Count as though set forth at length herein.

2. Defendants, John and Jane Does 1-10 and ABC Corporations 1-30, are heretofore unidentified individuals and business entities named herein for the express purpose of tolling the applicable statute of limitations.

3. On the same date, defendants, John and Jane Does 1-10 and ABC Corporations 1-10, carelessly, recklessly, and negligently caused a motor vehicle to move leading to the plaintiff's injuries and/or insured the parties named herein.

4. On the same date, defendants ABC Corporations 10-20 were heretofore unknown business entities involved in the business of owning, renting, leasing, and/or selling trailers for use in interstate and/or intrastate commerce.

5. On the same date, defendants ABC Corporations 20-30 were heretofore unknown business entities, motor carriers, agents, operators, interstate carriers and/or insurers named herein to toll the applicable statute of limitations.

6. As a direct and proximate result of the negligence of the defendants, the plaintiff suffered severe and permanent injuries, suffered and in the future will suffer great pain and distress, was and will be required to curtail his usual activities and pursuits, and has and will incur lost wages and medical expenses.

5. This action is not barred by N.J. Stat. 39:6A-1, et seq.

3

**WHEREFORE**, plaintiff demands judgment against the defendants jointly, severally or in the alternative, in the amount of his for damages together with interest, costs of this action and such further relief as the court deems equitable.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, the firm of Ginarte, Gallardo, Gonzalez & Winograd, L.L.P. attorneys for plaintiff, hereby appoint **Sean T. Payne, Esq.** as trial counsel.

## CERTIFICATION

I hereby certify that the subject of this action is not the subject of any other action or arbitration proceeding, nor is any contemplated.

                                                     GINARTE, GALLARDO, GONZALEZ,
                                                     & WINOGRAD, L.L.P.
                                                     Attorneys for Plaintiff

                                                     *Sean Payne /s/*
                                         BY:_____
                                           **SEAN T. PAYNE, ESQ.**

DATED:    June 22, 2022

## DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES

Pursuant to Rule 4:17-1 et seq., plaintiff hereby demands that each defendant provide answers to Form C and C-1 interrogatories.

4

**DEMAND FOR ANSWERS TO SUPPLEMENTAL INTERROGATORIES AS TO DEFENDANT EAGLE EXPRESS LINES, INC.**

1. Set forth the names and addresses of any insurer which provided MCS-90 or MCS-84 endorsements to Eagle Express Lines, Inc.

2. Set forth whether or not Eagle Express Lines, Inc., is self-insured.

3. Set forth whether or not Eagle Express Lines, Inc., made use of any fronting or reinsurance agreements and if so state the name and address of any liable insurers.

4. Did Eagle Express Lines, Inc., require defendant John Bernhardt to turn in any documents, such as trip envelopes, at the completion of a trip?

5. Does Eagle Express Lines, Inc., require credentials including state vehicle registration, payment of the federal highway use tax, and the receipt of an international fuel tax decal for the vehicles used by their drivers?

6. State whether Eagle Express Lines, Inc., maintains records of driver and vehicle credentials for tax purposes.

7. Set forth the manner which Eagle Express Lines, Inc., retains electronic records and whether or not said system automatically deletes information.

**DEMAND FOR ANSWERS TO SUPPLEMENTAL INTERROGATORIES AS TO DEFENDANT JOHN BERNHARDT**

1. Set forth whether or not you have ever been involved in any other auto accidents while in the course of your employment as a trucker.

5

2. Set forth whether you have ever been a licensed driver in any state other than the state of New Jersey. If so please provide a copy of said driver's license.

## **DEMAND FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 4:18-1, et seq., plaintiff hereby demands that **all defendants** provide the following documents:

1. Names and addresses of any and all witnesses to the occurrence or any conditions, studies, measurements, observations or tests regarding or having to do with the occurrence or notice of the conditions regarding the occurrence complained of herein, or any acts or omissions constituting the negligence claimed in the compliant whether or not obtained by investigation made after the date of the occurrence and regardless of how obtained.

2. Copies of any and all statements taken of plaintiff(s), whether signed or unsigned whether memoranda of oral statements or copies of any recorded statements made by or taken from the party represented by the undersigned or taken from any plaintiff we represent in this action, or from any agent, servant or employee of any such plaintiff to include any statement(s) made by record of the Central Index Bureau (CIB) or any other similar service obtained by defendant of plaintiff(s). In addition, provide a detailed recitation of any oral statements which the defendant may intend to offer at the trial of the action and which are alleged to have been made by the plaintiff(s) to the defendant, or defendant's agents, servants and/or employees, or to any third party, or contained in any record or report, including but not limited to hospital or medical records, reports and/or business records or reports and/or police accident reports or investigations identifying the time and place that any such oral statement was made, the name or names of the persons to whom the statement was made, and the names of any other persons present at the time the statement was made.

3. Copies of the contents of each and every primary, contributing, and excess insurance agreement under which any person carrying on an insurance business may be able to satisfy part or all of the judgment which may be entered in this action or to indemnify or reimburse the payments made to satisfy the Judgment and each and every insurance agreement in which the insurer is obligated to defend this action.

a) Include the name and address of every insurance company;

b) Include all converges in the policies, copies of the face sheets and/or declaration pages, and the maximum amount of liability coverage with said insurance company;

c) Include the title number and policy number of each insurance company and the name of the adjuster assigned to each file;

6

     d)     State whether any insurance company has disclaimed coverage or has made any reservation of rights;

     e)     Include all information and documents regarding MCS-90 Endorsements.

     4.     A copy of any legal documents that document defendants' status as a corporation, partnership, sole proprietorship or joint venture.

     5.     The name and address of title owner of defendants' motor vehicle and a copy of the Certificate of Title showing same.

     6.     A copy of the registration of defendants' vehicle.

     7.     A copy of any and all documents relating to the filing for and issuance of a United States Department of Transportation Number required by the Department of Transportation and the FMCSA for the transport of freight/cargo/chattel in interstate commerce. This demand includes the US DOT number of the subject tractor/truck as well as any trailer being hauled by same at the time of the accident.

     8.     A copy of any and all documents relating to the filing for and issuance of a "MC," "FF," and/or "MX" number issued by the FMSCA and required by the Department of Transportation and the FMCSA for the operation of a business to transport freight/cargo/chattel in interstate commerce.

     9.     A copy of any and all drivers licenses including all classes and across each and every state that have been issued at any time to John Bernhardt before the subject accident.

     10.     All photographs, motion pictures and/or videotapes taken of the accident scene, the parties, the instrumentalities of the occurrence complained of herein and of the vehicles, property, premises, or of other objects, things or places involved in the occurrence complained of herein and/or of any matters or issues in controversy and/or which represent the condition of the location at the time of the accident and/or within a reasonable time before or after the alleged accident which is the subject of this action.

     11.     Any photographs which will be utilized or which are intended to be used as exhibit or evidence at the trial of this action.

     12.     Any drawings, maps or sketches of the scene of the accident which are intended to be used as an exhibit or evidence at the trial of this action.

     13.     Any incident or accident report prepared in the defendants regular course or business relating to the occurrence complained of herein.

     14.     If a hearing was held or investigation conducted by or before any administrative body, a full and complete record of the transcript of such hearing and/or copy of any reports rendered.

15. Copies of all medical records, reports, hospital records, reports and/or doctors records and/or reports of the plaintiff(s) which the defendants have or plans to utilize at the time of trial of this action and/or of those doctors or medical providers who the defendant will utilize to testify at the trial of the action on behalf of the defendant.

16. Any motor vehicle damage inspection reports and property damage estimates on the vehicles and subject location involved in this accident and made after the accident.

17. Complete and clearly readable copies of all trip and/or operational documents pertaining to the movement of cargo by John Bernhardt and/or any of his accompanying co-driver(s), or driver trainers from June 1, 2020through the delivery date and time of the cargo they may have been transporting at the time of the accident on June 26, 2020. Plaintiff's request pertains to print, scanned, or electronically stored copies of said documents. This includes but is not limited to complete and clearly readable copies of the following:

a) Copies of John Bernhardt's trip reports and/or trip envelopes, daily loads delivered or picked up or any otherwise described work reports, work schedule reports, fuel purchased reports, or any reports made by any of the named defendants to any other business entity, inclusive of daily, weekly or monthly cargo transported, time and/or distance traveled reports or work records.

b) Copies of receipts for any trip expenses or purchases made by John Bernhardt or his co-driver(s) during a trip regardless of type of purchase such as fuel, weighing of vehicles, food, drinks, lodging, equipment maintenance, repair, or equipment cleaning, special or oversize permits, bridge and/or toll roads, loading or unloading cost, and all otherwise described receipts regardless of the type of objects or services purchased.

c) Copies of any and all written requests, letters, memoranda, instructions, or orders for transportation of cargo prepared by defendants, transportation brokers, involved shippers or receivers, motor carriers operations/dispatch or sales personnel., drivers or other persons or organizations relative to the operations and cargo transported by John Bernhardt.

d) Copies of all cargo pickup or delivery documents prepared by any of the defendants, transportation brokers, involved shippers or receivers, motor carriers operations/dispatch or sales personnel, drivers or other persons or organizations relative to the cargo transported by John Bernhardt.

e) Copies of all bills of lading and/or cargo manifests prepared or issues by the shippers, brokers, transporting motor carriers, personnel, receivers of cargo or any of the defendants. This specifically includes complete copies of bills of lading, manifests, or other documents regardless of form or description that show signed receipts for cargo delivered along with any other type of documents that may show dates and times of cargo pickup or delivery that are relative to the operations and cargo transported by John Bernhardt.

f)  Copies of all equipment or cargo loading, unloading or detention of equipment records along with any other documents showing cargo pickup and/or delivery dates and limes or delays and/or detention of equipment relative to the operations of any of the named defendants.

g)  Copies of all dispatch and/or operational records indicating assignment of equipment and drivers to specific cargo pickup, transportation and delivery, dates and times of pickup and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents, regardless or form. This specifically includes all dispatch and operational type computer generated documents and materials indicating trips, cargo, movements, or activities of John Bernhardt.

h)  Copies of any and all driver call-in records or otherwise described written records indicating any communications between and amongst any of the named defendants.

i)  Copies of all accounting records, merchandise purchased, cargo transportation billings or invoices and subsequent payments or otherwise described records indicating billing for transportation of cargo or payment for services performed for any of the named defendants.

j)  Copies of all driver's trip check in or financial settlement sheets along with all final trip accounting documents, and computer-generated documents or printouts showing expenses and payment (s) for service (s) or salary paid to John Bernhardt in reference to trip(s) made by same. This specifically includes any summary type documents showing all payments made to John Bernhardt and/or his co-driver(s) regardless of the purpose of payment or period of time payment was made for.

k)  Copies of any and all motor carrier or driver created trip fuel mileage and purchase reports or records. This specifically includes all documents and computer-generated documents, regardless of form or subject, received from any source such as the organization known as '"COMCHEK" or generated for or by any defendant showing date, time and location of fueling or other purchases by John Bernhardt.

l)  Copies of all checks or otherwise described negotiable instruments issued to John Bernhardt or his co-driver(s) given in payment as trip advances, loans, or for any other purpose inclusive of checks issued for employee payroll, and/or for owner/Operator, or trip lessors services in the possession of any of the defendants. Specifically, copies of both the "front and back" of each check and/or "comchek" issued to John Bernhardt or any of his co-driver(s).

m)  Copies of any and all state fuel or oversize special permits and any related documents or requests issued to or by any state agency to transport cargo over their territories regardless of the form of the permit. The receipt acknowledging payment for the permit(s) issued by any governmental agency is specifically requested that relate to the movements of John Bernhardt and/or his co-driver(s) during the requested time period.

n)  Copies of any and all trip lease contracts involving John Bernhardt and/or his co-drivers along with all related documentation issued to or created or received by any of the defendants.

Specifically, this includes any trip leases negotiated between the defendants and any other motor carrier or their drivers inclusive of all related documentation thereto. Basically, "related documentation" consists of any documents created or generated in reference to the trips and in addition, driver's daily logs or record of duty status, driver's daily vehicle condition reports, motor carrier certification of drivers qualification and include other documents that relate to the billing and payment of such movement of freight, along with all other types of documentation regardless of form or description that are relative to each occurrence involving the services and activities of John Bernhardt and/or his co-drivers; and

    o) Copies of any and all other "operational or trip related documents" created or received by the defendants or any other persons or organizations, regardless of form or description and not defined herein, in the possession of any of the defendants and relative to the operations, activities, movements, cargo and trips accomplished by John Bernhardt and/or his co-drivers during the time period requested.

    **(NOTE: Plaintiff is totally unaware of the defendants operational and trip control methods and procedures and has no alternative but to include the broad definitions set forth above. It is not the Plaintiffs intention to overburden the defendants. If the defendants will demonstrate their operational trip methods, procedures and documents systems to Plaintiff, Plaintiff will attempt to simplify this request for the benefit of all concerned.)**

    18. Complete and readable copies of the "Driver Qualifications file" maintained by any of the Defendants on John Bernhardt, along with any other documents contained therein, in the precise state of existence on the date of the accident. Please see the following sub-definitions.

    a) Any pre-employment questionnaires or other documents secured from John Bernhardt prior to employment.

    b) Any and all completed applications for employment secured before and/or after the actual date of contract/employment of John Bernhardt.

    c) All medical examinations, drug tests, and certification of examinations, long form physical, inclusive of expired and non-expired documents relative to John Bernhardt.

    d) All of John Bernhardt's annual violation statements which should include one for each twelve month period of contract/employment with the defendant(s) to this case.

    e) All actual drivers motor carrier road tests administered to John Bernhardt

    f) All actual drivers motor carrier written test administered to John Bernhardt.

    g) All road and written test certificates issued by defendants or any other motor carrier or organization to John Bernhardt regardless of date issued or the originator of such certificates.

h) All past employment inquiries sent to or secured from former employers along with all responses received from former employers inclusive of all U.S. mail, personal contact or telephone inquiries and results directed to or received by defendants from past employers of John Bernhardt.

i) All inquiries to and answers received from any organization in reference to the drivers license record or abstract of traffic violations and accidents directed to and/or received by any of the defendants, or other organizations on behalf of defendants from any and all state or federal governmental agencies relative to John Bernhardt's traffic and accident record.

j) Copies of all written test cards, medical cards, and motor carrier certification of driver qualification cards and any other motor carrier transportation related cards in the possession of any of the defendants regardless of card issuance date or origin. This specifically includes cards as previously described herein, issued by other motor carriers to John Bernhardt and/or co-drivers presently in their personal possession.

k) All annual reviews, file reviews or file summaries and related documents found in the driver qualification file of John Bernhardt.

l) All documents relating to any drug testing of John Bernhardt.

m) Any and all other contents of John Bernhardt's driver qualification file, regardless of subject, form, purpose, originator, receiver, title, or description.

19. Complete and clearly readable copies of the "Driver Qualification File" maintained by any of the defendants on the date of the alleged accident along with any other documents contained therein, in their precise state of existence on the date of the accident which have not been provided to the plaintiff(s), including documents defined under demands 15 and 14 as medical records, copies of cards, and records relating to drug testing.

20. Complete and clearly readable copies of any and all other documents added to John Bernhardt's "Driver Qualification File" from January 1, 2017, to the present date, as presently maintained by Defendants. Please identify and produce such documents separate and apart from the documents requested in Request Number 15 herein.

21. Complete and clearly readable copies of the "Driver Personnel File" and/or any otherwise titled files on John Bernhardt, on or in reference to John Bernhardt's services, from initial contract or employment with Defendants to the present date. Please refer to the following sub-definitions and follow them closely:

a) Owner/operator or other types of contracts, agreements, payroll or money advanced records, attendance records, computer generated documents and any other summary type document regardless of subject, description or form relative to John Bernhardt or the services performed by him.

     b)  Hiring, suspension, termination, warning notices, complaints, letters, memorandums, phone records, and any other similar type of documents relative to John Bernhardt.

     c)  Prior industrial, vehicular, cargo, hazardous materials incidents, health or accident reports, or other types of injury, sickness, accidents or loss reports or records inclusive of cargo shortage or damage reports, along with all related documents to each such sickness , incident, or accident that relate to John Bernhardt

     d)  Federal Motor Carrier Safety Administration, Federal Office of Motor Carrier Safety field offices or other law enforcement agencies, terminal audits or roadside equipment and/or driver inspection reports, traffic citations or traffic warnings, inclusive of any of the defendants' file reviews or summaries of violations of company, state, or federal laws, rules or regulations committed by John Bernhardt or any of his co-drivers.

     e)  Any and all other documents found in such a file, regardless of description, title, form, origin, or subject, maintained by the Defendants in reference to John Bernhardt, excluding only those documents required by the FMCSR Part 391, Driver Qualifications, defined in request 15 herein.

  22.  Complete and clearly readable copies of any state or Federal Motor Carrier Safety Administration, or Federal Office of Motor Carrier Safety field offices issued terminal audits, road equipment and/or driver compliance inspections or warnings and traffic citations issued in reference to the activities of John Bernhardt and/or his co-drivers, or driver trainers, by any city, county, state or federal agency or law enforcement official in the possession of any of the Defendants. This request specifically includes any documents issued by any governmental agencies or officials in reference to violations of any State or Federal Motor Carrier Safety or Hazardous Materials Regulations that may have been issued in reference to the activities of any of the named defendants from January 1, 2020 to the present time.

  23.  Complete and clearly readable copies of all driver's record of duty status or driver's daily logs from January 1, 2017 until January 1, 2018, official or unofficial. And 60/70 hour -8/7 day summaries, seven day prior forms, or eight day prior forms or otherwise described work time/clock/punch in or out data/records created by John Bernhardt or co-drivers for the period of two weeks before until two weeks after the accident alleged herein in accordance with FMCSR Part 395 in the possession of any of the defendants and specifically any copies in the personal possession of John Bernhardt, whether in print, scanned, or electronic form.

  24.  Complete and clearly readable copies of any and all Defendants, officers, executives or administrator's notices, directives, bulletins, publications and manuals of any type or otherwise described written instructions in reference to the day-to-day motor carrier operating and safety procedures to be followed by their company personnel managers, supervisors, dispatchers, and drivers. Specifically, any documents relative to disciplinary policies or procedures for late freight delivery, motor fleet safety or failure to comply with the FMCSR in existence and effective at Defendants place of business on the date of the alleged accident.

25. All records demonstrating compliance with Federal Motor Carrier Safety Regulations Part 391.113 requiring a test for use of controlled substances performed not later than 32 hours after an accident.

26. Copies of records of health insurance claims, disability claims, sickness or doctor's excuses of John Bernhardt for five (5) years prior to the collision involving the Plaintiff.

27. All documentation verifying John Bernhardt's attendance at safety meetings, safety instructional conferences or accident avoidance training sessions given by any of the named defendants while John Bernhardt was employed by any of the named defendants.

28. All safety or accident avoidance instructional material provided to John Bernhardt by any of the named defendants during the course of his employment at same.

29. Copies of the company safety rules or their equivalent issued to John Bernhardt.

30. Copies of documents evidencing the completion or non-completion of any safe driving programs by John Bernhardt.

31. All records of the weekly payroll sheets, payroll check stubs, payroll receipts and/or any other documentation showing the payroll records, W-2 wage and tax statements and IRS 1099 forms for John Bernhardt in 2017 during the course of John Bernhardt's employment with any of the named defendants. Said payroll sheets, stubs and receipts shall set forth an itemized breakdown of John Bernhardt's compensation for the number of miles driven during each and every payroll period, payments for trip advances, loans, and all other itemized payments issued for employee payroll.

32. Copies of the complete contract and agreement in effect on the date of the subject collision among and between John Bernhardt and any of the named defendants.

33. Copies of the Permanent Unit File or its equivalent pursuant to 49 CFR 396.3 including but not limited to records relating to the inspection, repair, maintenance, and costs of the tractor-trailer combination involved in the subject collision.

34. Photographs or videos of the tractor-trailer operated by (driver) and taken at the scene of the collision or anytime thereafter in the possession of Defendants. This includes but is not limited to cell phone photographs, dashboard camera footage, or any other type of still photographs and/or videos depicting the tractor-trailer before, during, and/or after the subject collision.

35. Photographs or videos of the scene of the collision in the possession of Defendants. This includes but is not limited to cell phone photographs, dashboard camera footage, or any other type of still photographs and/or videos depicting the scene before, during, and/or after the subject collision.

36. Copies of the repair estimates, damage estimate reports, repair bills, parts lists and itemizations, and inventories of removed and replaced parts involved in the repair of the tractor trailer following the collision.

37. ECM (Electronic Control Module), EOR (Event Data Recorder) and/or SDM (Sensing and Diagnostic Module) data for the particular power unit John Bernhardt was operating on the date of the alleged accident, as well as satellite communications and e-mails for the day of the collision and seven (7) days prior thereto including but not limited to data obtained from Anti-Lock Brake systems, GPS data, Dash-cams, event analysis reports, side and rear detection systems, infrared monitoring systems, Vorad, adaptive cruise control, lane departure warning systems, driver alert systems, event clam recorder, snapshot recorder, EZ Pass transponder data, Electronic On Board recorder data, Such data shall include but is not limited to a) trip distance, b) total vehicle driving time, c) load factor, d) vehicle speed limit, e) maximum vehicle speed recorded, f) number of hard brake incidents, g) current engine speed (rpm), h) maximum and minimum cruise speed limits, i) total vehicle driving distance, j) fuel consumption (gal/hr), k) idle time, l) engine governed speed, m) maximum engine speed recorded, n) current throttle position, o) brake switch status (on/off), p) odometer, q) trip driving time, r) overall fuel economy (mpg), s) average driving speed, t) no. of engine overspeeds, u) no. of vehicle overspeeds, v) current vehicle speed (mph), w) clutch switch status (on/off), x) clock, and y) Jake/Jacobs brake status.

38. Copies of the specifications including installed options and the manual for the tractor-trailer involved in the subject collision.

39. Production of the Qualcomm unit and media storage device for the tractor-trailer involved in the subject collision for inspection.

40. Copies of Qualcomm data messaging and/or character messaging including all messages, communications, and e-mail between John Bernhardt and the co-defendants including all departments and divisions thereof from June 1, 2020 up to and including the time of the collision on June 26, 2020.

41. Copies of Qualcomm Data in electronic and paper formats for the tractor trailer driven by John Bernhardt from June 1, 2020 up to and including the time of the collision on June 26, 2020, including but not limited to automatically generated e-mails or other alerts for the collision sent to any of the named Defendants.

42. Copies of the accident investigation file for the subject collision produced and maintained by any of the named Defendants including e-mail communications and other electronically stored information.

43. Cell phone records for any and all cell phones, private and/or Company issued/assigned to John Bernhardt on the date of accident and the seven (7) days prior thereto together with the name and identifying information of the cell phone used by John Bernhardt.

44. Copies of the driver manual, company handbook or equivalent issued to John Bernhardt.

45. Copies of any and all policies either written or verbal of any of the named defendants regarding the use of laptops, dvd players, cd players, cell phones, video game consoles, portable music players, tablet computers, wired or wireless headphones, CB radios, walkie-talkies, and any other form of devices which may distract a driver, by its drivers and employees while in the course of their employment.

46. Copies of written policies of any of the named Defendants regarding cell phone use and text messaging by its drivers and employees while in the course of their employment.

47. Production of any electronic devise and media seized by any law enforcement which has been returned to the defendants for inspection.

48. Copies of all data and files on any seized laptop, tablet, cellphone, or other computer device used by John Bernhardt on the date of the accident including but not limited to internet history and temporary data files, e-mails, text messages, data files, and downloads.

49. Copies of all media, including, DVDs, VCR tapes, digital storage devices, drives and memory cards, or other similar storage devices that were in the tractor cab or in John Bernhardt's computer/devices at the time of the collision.

50. Copies of the policies and procedures the named Defendants for monitoring driver hours of service, auditing driver hour of service, auditing driver hour of service records, and complying with Federal Motor Carrier Safety Regulations.

51. Copies of printouts from any commercial software program (e.g. JJ Keller's Log checker) or customized programs used to record and audit John Bernhardt's log book entries for one year prior to the date of the collision.

52. Copies of all insurance policies including liability, general liability, excess umbrella, and any other insurance coverage that will cover or arguably cover damages claimed by the plaintiff for each of the named Defendants.

53. Documents identifying names of any other companies, organizations and/or individuals that owned, maintained, fixed, operated and/or controlled the subject tractor-trailer involved in this accident.

54. Copies of articles of incorporation, articles of organization, by-laws, annual meeting minutes, special meeting minutes, annual reports, quarterly reports and annual financial statements of the Defendants.

55. Names and addresses of the Board of Directors, b) Officers, c) Managers, d) persons or corporate identities holding ownership of voting securities, e) the capital stock ownership and c) voting: membership of the defendants.

56. Contracts, leases, and agreements by, between and/or among any and all of the defendants or any other entity presently unnamed party that may have been involved in the subject accident.

57. Documentation of loans, notes, mortgages, bonds, including aged accounts receivable and aged accounts payable by, between and/or among any and all of the defendants or any other entity presently unnamed party that may have been involved in the subject accident.

58. Copies of all motor vehicle and tractor trailer leases by, between and/or among any and all of the defendants or any other entity presently unnamed party.

59. Copies of all contract agreements by and between any entity that leased and/or sold the subject tractor and/or trailer to any Defendant.

**REQUEST FOR ADMISSIONS**

Pursuant to Rule 4:22-1, et seq., plaintiff hereby demands that each defendant, admit or deny the following:

1. The incident that forms the basis of this action occurred on the date and at the place referenced in the complaint.

2. You were the operator of a motor vehicle involved in the accident as alleged in the complaint.

3. You were the owner of a motor vehicle involved in the accident.

4. You operated the motor vehicle in the scope of your employment for the owner of the motor vehicle.

**DEMAND FOR DISCOVERY OF INSURANCE COVERAGE**

**All Defendants**

Pursuant to R. 4:10-2 (b) demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to

16

indemnify or reimburse for payments made to satisfy the judgment. If the answer is "yes" attach a copy of each or in the alternative state, under oath or certification (a) number (b) name and address of insurer or issuer (c) inception and expiration dates (d) names and addresses of all persons insured thereunder (e) personal injury limits (f) property damage limits (g) medical payment limits (h) name and address of person who has custody and possession thereof (i) where and when each policy or agreement can be inspected and copied, (j) excess coverage, (k) concurrent coverage, (l) umbrella policies.

        GINARTE, GALLARDO, GONZALEZ,
        & WINOGRAD, L.L.P.
        Attorneys for Plaintiff

        *Sean Payne /s/*
BY:_____
        **SEAN T. PAYNE, ESQ.**

DATED:   June 22, 2022

17

# Civil Case Information Statement

## Case Details: UNION | Civil Part Docket# L-001817-22

**Case Caption:** SMITH STEPHANIE  VS BERNHARDT JOHN
**Case Initiation Date:** 06/22/2022
**Attorney Name:** SEAN T PAYNE
**Firm Name:** GINARTE GALLARDO GONZALEZ WINOGRAD, LLP
**Address:** 400 MARKET ST
NEWARK NJ 07105
**Phone:** 9738548400
**Name of Party:** PLAINTIFF : Smith, Stephanie, N
**Name of Defendant's Primary Insurance Company** (if known): None

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (VERBAL THRESHOLD)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?**  NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Stephanie N Smith?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/22/2022                                                                                             /s/ SEAN T PAYNE
Dated                                                                                                                Signed